The **TIMES PUBLISHING COMPANY,**
Petitioner Cross-Respondent,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner.**

No. 79–1595.

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1979.

Feldman, Krieger, Sheehan, Goldman & Tish, Ronald I. Tish, Benjamin E. Goldman, Washington, D.C., for petitioner cross-respondent.

Elliott Moore, Deputy Associate, General Counsel, John S. Irving, General Counsel, N.L.R.B., Washington, D.C., for respondent cross-petitioner.

Before COLEMAN, AINSWORTH and VANCE, Circuit Judges.

COLEMAN, Circuit Judge.

Our prior opinion in this case is reported, *Times Publishing Company v. National Labor Relations Board*, 5 Cir., 1978, 576 F.2d 1107.

We there entered a partial remand to allow the Board an opportunity to consider the "no solicitation" status of the lobby used by the Times Publishing Company in a downtown office building, with special reference to an intervening decision of the Supreme Court in *Beth Israel Hospital v. National Labor Relations Board*, 437 U.S. 483, 98 S.Ct. 2463, 57 L.Ed.2d 370 (1978).

We need not here repeat the facts set forth in the prior opinion. We held the Board's finding that the lobby was not a work area to be "without substantial support in the record; that, indeed, the evidence clearly demonstrated that the lobby was a Company work area", 576 F.2d at 1109.

This precluded "Union distribution" in the lobby, leaving only the issue of "organizational solicitation" in that area. The remand was set forth in the following terms:

> In the meantime, the Supreme Court has decided *Beth Israel Hospital, Petitioner v. National Labor Relations Board*, 437 U.S. 483, 98 S.Ct. 2463, 57 L.Ed.2d 370 [No. 77–152, June 22, 1978, 46 U.S.L.W. 4764]. Although this decision was in the context of a hospital cafeteria, the views there expressed may be of assistance to the Board in determining whether the lobby was entitled to the same treatment as a retail store or a hamburger outlet. 576 F.2d at 1110.

On remand, the Board received no new evidence. It did accept "statements of position" from the parties and proceeded to decide the remanded issue, which it defined as follows:

> The question now before the Board is whether or not the Respondent's downtown lobby, already determined by the court to be a work area wherein distribution can be precluded, is further "entitled to the same treatment as a retail store or hamburger outlet," which treatment would also allow the Respondent to prohibit organizational solicitation therein. 240 NLRB No. 157.[1]

The Board order on remand was entered on March 2, 1979. On June 20, 1979, the Supreme Court decided *National Labor Relations Board v. Baptist Hospital, Inc.,* — U.S. —, 99 S.Ct. 2598, 61 L.Ed.2d 251. Upon careful consideration, however, we conclude that the decision in *Baptist Hospital* concentrated on factors peculiarly applicable to hospitals, announcing nothing new or previously unknown with reference to retail stores or restaurants engaged in sales directly to customers.

1. The Board correctly stated the question before it on remand but did not limit its decision to the question. In the course of the decision it went ahead to say that because the Times Publishing Company's rule had been found to be generally invalid, it is invalid for all purposes, and thus the no-distribution rule posted in the downtown lobby is also invalid. This directly contradicts the remand order and, moreover, fails in a proper application of the teachings of *Beth Israel Hospital, supra*, which held that a broad no-solicitation/no-distribution rule may be invalid in certain areas of the employer's property but did not invalidate the rule where properly applicable. Therefore, our decision that the lobby is a work area remains in effect, as does the no-distribution rule clearly applicable to it.

Stores and restaurants come within a well recognized exception because of special circumstances; otherwise, rules prohibiting employees from soliciting union support during non-working time are invalid, *see Republic Aviation Corporation v. National Labor Relations Board*, 324 U.S. 793, 65 S.Ct. 982, 89 L.Ed. 1372 (1945).

In a case involving solicitation in a restaurant operated by a retail store on its premises, the National Labor Relations Board, held:

> The Trial Examiner found, and we agree, that the Respondent's no-solicitation rule, which prohibited solicitation for union membership on the selling floors, did not violate Section 8(1) [(a)(1)] of the Act. We have previously ruled that a department store may prohibit union solicitation on its selling floors, even during employees' off-duty time, because of the fact that department stores, unlike industrial establishments, are frequented by customers of the employer, and union solicitation on the selling floors is likely therefore to be disruptive of the employer's business. The issue before us in the instant case is whether, under the circumstances present, the Respondent could lawfully apply its rule against union solicitation on the selling floor to public restaurants on its premises.
>
> The record establishes that most of the Respondent's stores in the Chicago area contain restaurants which are used by customers and also by employees during their lunch periods and other off-duty time. Several managers of the Respondent's stores testified that they understood "selling floor" to include the restaurants, and the no-solicitation rule to prohibit union solicitation in these restaurants. On at least two occasions, union organizers were warned by the Respondent's managers not to solicit employees who were lunching in the restaurants. In our determination of this issue, we consider as particularly important the fact

that employees of the restaurants were eligible for membership in the two unions which were competing for the right to represent the Respondent's employees, and that the restaurant employees had been solicited for membership in these unions. In addition, in some of the stores the restaurant consists of a counter, in which restaurant employees on duty, other employees off duty, union organizers, and customers are in close contact with each other. Under these circumstances, union solicitation in the restaurants is as apt to disrupt the Respondent's business as is such solicitation carried on in any other portion of the store in which customers are present. We believe, therefore, that the considerations which underlie the rule of the *May* and *Hudson* cases are equally applicable to, and determinative of, the issue presented here.

*Goldblatt Brothers, Inc.*, 77 N.L.R.B. 1262, 1264 (footnotes omitted).[2]

The crucial problem in this case, then, is whether the Times Publishing operation in this lobby on its premises sufficiently parallels that of a retail selling floor or a public restaurant to bring it within the established exception. Times Publishing strongly contends that it does; the Board argues with equal vigor that it does not.

In approaching our resolution of the controversy we must be mindful that in *Beth Israel Hospital, supra,* and *Baptist Hospital, supra,* the Supreme Court held that cafeterias and gift shops maintained in hospitals, selling food and goods at retail, fell outside the exception because they were outside the primary purpose of the hospital operation and had no real potential for disrupting the objectives of that primary purpose. It was pointed out in *Beth Israel* that "In the retail marketing and restaurant industries, the primary purpose of the operation is to serve customers, and this is done on the selling floor of a store or in the dining area of a restaurant", 437 U.S. at 506, 98 S.Ct. at 2476.

---

**2.** The Board relied on *May Department Stores Company*, 59 N.L.R.B. 976 (1944) which held that employers may prohibit solicitation on the selling floor. To like effect with reference to commercial restaurants, see *McDonald's Corporation*, 205 N.L.R.B. 404 (1973); *Marriott Corporation*, 223 N.L.R.B. 978 (1976).

■ We are of the opinion, contrary to that entertained by the Board, that the sale of classified advertisements and the other selling activities pursued by the newspaper in this lobby are essential to its primary purpose.

This, however, does not dispose of the case.

Times Publishing has chosen to pursue this operation in an area used by large numbers of the general public who are not there for the purpose of buying anything. They are bent upon other purposes. Their constant coming and going about other business has not been so disruptive as to cause a discontinuation of the activities in the area or their removal to some other location. The Company has offered no suggestion that this activity is disruptive.

As a matter of common logic and everyday common sense the prevailing situation is not the kind found where the visitors go for the sole purpose of shopping or obtaining a meal, requiring the prompt and undisrupted attention of employees who are there for the primary purpose of serving these purposes.

We consequently hold that this lobby is not entitled to the same *prima facie* treatment accorded restaurants and retail establishments whose space is devoted solely to the primary purposes of the selling operation.

On this basis, we affirm the Board order as to solicitation in this lobby, but we must make it clear that this case is decided on its own facts, as all such cases must be,[3] and this opinion is not intended to be a sweeping holding that *all lobbies*, regardless of their use or purpose, are automatically to be opened for solicitation activities.

The order of the Board, now under review, is

AFFIRMED.

---

**3.** It is the function of the Board to find the facts as to any particular case, while our function is to determine whether the findings are supported by "substantial evidence in the record considered as a whole." *See, National Labor*

*Relations Board v. Baptist Hospital, Inc., supra*, 99 S.Ct. at 2604.